IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> MASON RAY CONSTRUCTION LLC, *et al.*, <br><br> Defendants. | No. 4:23-CV-01982 <br><br> (Chief Judge Brann) |

**MEMORANDUM OPINION**

FEBRUARY 9, 2024

## I. BACKGROUND

This case was initially filed by Plaintiff, American Builders & Contractors Supply Co., Inc. ("American Builders"), against Defendants Mason Ray Construction LLC ("Mason Ray") and Kyle Ditty on December 1, 2023.[1] Since then, the Defendants have failed to appear before this Court at all. Plaintiff moved for entry of default on January 10, 2024,[2] and default was subsequently entered by the Clerk of Court.[3] Plaintiff has now moved for default judgment.[4] Still, the Defendants have refused to respond, and therefore the motion is now ripe for disposition. For the reasons that follow, the motion is granted.

---

[1] *See* Doc. 1 (Compl.).
[2] *See* Doc. 6 (Request for Entry of Default).
[3] *See* Doc. 7 (Clerk's Entry of Default).
[4] *See* Doc. 8 (Motion for Default Judgment).

## II.    DISCUSSION

### A.    Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[5] "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[6] "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when [the] defendant is technically in default and that fact has been noted under Rule 55(a)."[7]

The Court must consider three factors in deciding whether to grant default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether [the] defendant's delay is due to culpable conduct."[8] "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment

---

[5] FED. R. CIV. P. 55(b)(2).
[6] *Kibbie v. BP/Citibank*, No. 3:CV-08-1804, 2010 WL 2573845, at *2 (M.D. Pa. June 23, 2010) (Vanaskie, J.).
[7] 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[8] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

under Rule 55(c)."[9] In cases where a defendant fails to appear, this Court may enter default judgment "based solely on the fact that the default has occurred."[10]

The Court nevertheless considers those factors for the sake of completeness; in this case, they favor the grant of default judgment. First, Plaintiff would be prejudiced by their "current inability to proceed with [their] action due to Defendant[s'] failure to defend."[11] Mason Ray's and Ditty's decision to not appear before this Court prevents American Builders from recovering any damages. Similarly, the second factor points in Plaintiff's favor. The "Defendants [have] not responded to the allegations and, thereby, [have] failed to assert a defense."[12] Finally, there does not seem to be any excuse for the Defendants' failure to appear. Service was accepted on their behalf on December 19, 2023.[13] Having received service, the Defendants have yet to respond. Because the Defendants have offered no explanation for their failure to engage, the Court finds that the Defendants are culpable.[14] Therefore, default judgment is appropriate.

---

[9] *Deutsche Bank Nat. Trust Co. v. Strunz*, Civ. No. 1:12-CV-01678, 2013 WL 122644, at *1 (M.D. Pa. Jan. 9, 2013) (Kane, J.).

[10] *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

[11] *Broadcast Music, Inc. v. Kujo Long, LLC*, No. 1:14-CV-00449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) (Kane, J.).

[12] *Pesotski v. Summa & Lezzi, Inc.*, No. 1:17-CV-00221, 2017 WL 3310951, at *3 (M.D. Pa. Jan. 9, 2013) (Kane, J.).

[13] *See* Doc. 11 (Bernstein Declaration), Ex. B (Sheriff's Return of Service).

[14] *See Laborers Local Union 158 v. Shaffer*, Civ. No. 1:CV-10-1524, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011) (Kane, J.).

A finding that default judgment is warranted, however, "is not the end of the inquiry."[15] First, the Court must consider whether the "unchallenged facts constitute a legitimate cause of action."[16] Although the defaulting party does not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[17] Plaintiff's complaint asserts breach of contract claims against the Defendants and an unjust enrichment claim against Mason Ray.[18] The Court now considers whether the allegations in the complaint, taken as true, state a claim under those causes of action.

### B. Facts Alleged in the Complaint

American Builders provides construction materials on credit to its customers.[19] Mason Ray is a Pennsylvania limited liability company that is owned by Kyle Ditty.[20] The present case stems from the Defendants involvement with a project at a Holiday Inn Express and their receipt of supplies from Plaintiff on credit.[21]

Mason Ray "opened a credit account with the Plaintiff" and agreed "to the Plaintiff's Credit Agreement" and the "Purchase Agreement Terms and Conditions

---

[15] *Martin v. Nat'l Check Recovery Servs., LLC*, Civ. No. 1:12-CV-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016) (Caldwell, J.).
[16] *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008).
[17] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[18] *See* Doc. 1 (Compl.).
[19] *See id.* ¶ 3.
[20] *See id.* ¶¶ 4, 6.
[21] *See id.* ¶¶ 8, 12.

of Sale" on April 18, 2023.[22] In doing so, Ditty also "personally guaranteed the payment of the goods and materials" that Mason Ray received.[23]

Accordingly, American Builders proceeded to sell and deliver supplies to Mason Ray.[24] An invoice was provided to the Defendants after each delivery.[25] At no point did the Defendants ever dispute these invoices.[26]

Section One of the Credit Agreement requires Mason Ray to pay each invoice and to pay a monthly late payment charge "at the rate of one and a half percent" each month on any overdue amounts.[27] Further, Mason Ray agreed to pay American Builders' "costs of collection, including attorney's fees and costs incurred by the Plaintiff."[28] Additionally, the personal guaranty requires Ditty "to pay the Plaintiff's costs of collection, legal expenses, and attorney's fees" associated with collecting on Mason Ray's "indebtedness" and "in enforcing the Personal Guaranty."[29]

By October 31, 2023, Mason Ray owed $79,075.59 for materials and $3,472.43 in late payment charges.[30] Additional late payment charges have been

---

[22]  *Id.* ¶ 9.
[23]  *Id.* ¶¶ 10-11.
[24]  *See id.* ¶ 13.
[25]  *See id.* ¶ 15.
[26]  *See id.* ¶ 20.
[27]  *Id.* ¶ 16.
[28]  *Id.* ¶ 17.
[29]  *Id.* ¶ 18.
[30]  *See id.*

accumulating since November 1, 2023.[31] "Notwithstanding the Plaintiff's demand for payment[,]" the Defendants have failed to pay the amount due to American Builders.[32]

### C. Plaintiff's Claims

American Builders' Complaint brings three counts against the Defendants: two breach of contract claims and an unjust enrichment claim.[33] The Court will analyze each of these causes of action in turn.

#### 1. Breach of Contract Claim Against Mason Ray

Under Pennsylvania law,[34] a claim for a breach of contract "contain[s] three [elements]: '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages.'"[35] "The Complaint adequately alleges all three elements of breach of contract."[36] "First, it alleges the existence and essential terms of a contract:"[37] Mason Ray agreed to repay American Builders for the building supplies and any late payment fees.[38] "Second, the Complaint alleges that" Mason Ray "breached the contract by"

---

[31] *See id.* ¶ 21.
[32] *Id.* ¶ 22.
[33] *Id.* ¶¶ 23-43.
[34] The Credit Agreement's Governing Law provision provides that the "Agreement will be governed and construed and enforced in accordance with the procedural and substantive laws of the State where the action is brought." *See* Doc. 1 (Compl.), Ex. B (Account Application).
[35] *Udodi v. Stern*, 438 F. Supp. 3d 293, 299 (E.D. Pa. 2020) (quoting *Ware v. Rodale Press Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)).
[36] *Id.*
[37] *Id.*
[38] *See* Doc. 1 (Compl.) ¶ 16.

failing to pay.[39] "Finally, the Complaint alleges that the breach resulted in damages; the loss of the" payment.[40] As such, a breach of contract claim has been made out against Mason Ray.

### 2. Unjust Enrichment Claim Against Mason Ray

"A claim for unjust enrichment is 'inapplicable when the relationship between the parties is founded on a written agreement or express contract.'"[41] Unjust enrichment can only be pled in the alternative "'when there is a dispute about the existence or validity of a contract.'"[42] Since a valid contract existed, Plaintiff may not "proceed on a quasi-contractual claim like unjust enrichment."[43] "Instead, [American Builders] may only pursue [its] rights under the contract."[44]

### 3. Breach of Contract Claim Against Kyle Ditty

Ditty's breach of the personal guaranty is another breach of contract claim. American Builders has successfully made out the three elements of this cause of action: (1) a clearly defined contract existed;[45] (2) Ditty did not fulfill the terms of

---

[39] *Udodi*, 438 F. Supp. 3d at 299; Doc. 1 (Compl.) ¶ 22.
[40] *Id.*; Doc. 1 (Compl.) ¶ 19.
[41] *Holovich v. Progressive Specialty Ins. Co.*, 600 F. Supp. 3d 572, 582 (E.D. Pa. 2022) (quoting *Benefit Tr. Life Ins. Co. v. Union Nat'l Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985)).
[42] *Id.* at 583 (quoting *Buccigrossi v. Thomas Jefferson Univ.*, Civ. A. No. 21-cv-221-JMY, 2022 U.S. Dist. LEXIS 67135 (E.D. Pa. Apr. 12, 2022)).
[43] *Id.* at 584.
[44] *Id.*
[45] *See* Doc. 1 (Compl.), Ex. A (Signed Agreement).

7

the personal guaranty upon Mason Ray's failure to pay;[46] and (3) damages are found in the amount owed by Mason Ray for the supplies and any late fees.[47]

Consequently, the Court concludes that American Builders has established breach of contract claims against Mason Ray and Ditty.

### D. Damages

Having found that Plaintiff has stated a legitimate cause of action, the Court considers the amount of damages Plaintiff is entitled to. Plaintiff seeks $91,762.93 in damages.[48] This figure includes the principal owed, late payment fees through October 31, 2023, late payment fees from November 1, 2023 through February 9, 2024, and attorney's fees and related costs.[49] The Court will analyze each of these categories separately.

#### 1. Principal Amount Owed

The principal balance of $79,075.59 can be found in the statement for Mason Ray's account provided by Plaintiff.[50] This is a certain sum that American Builders is therefore entitled to recover.

---

[46] *See* Doc. 1 (Compl.) ¶ 22.
[47] *See id.*
[48] *See* Doc. 1 (Compl.) ¶ 21; Doc. 10 (Badillo Declaration) ¶ 14.
[49] *See id.*
[50] *See* Doc. 10 (Badillo Declaration), Ex. 5 (Mason Ray Account Statement).

### 2.     Late Fees Through October 31, 2023

The late payment fees incurred through October 31, 2023 are similarly certain. Mason Ray's account statement identifies $3,472.43 in late payment fees.[51] Plaintiff is able to recover this amount as well.

### 3.     Late Fees from November 1, 2023 through February 9, 2024

The late payment fees incurred from November 1, 2023 through February 9, 2024 are also identifiable. A late payment fee of $39.00 per day is imposed.[52] There are one-hundred-and-one days from November 1, 2023 through February 9, 2024, inclusive. That means an additional $3,939.00 in late payment fees is owed to American Builders.

### 4.     Attorney's Fees and Associated Costs

"'Pennsylvania law does not allow awards for attorney['s] fees in suits for ordinary breach of contract…unless there is express statutory authorization, a clear express agreement of the parties[,] or some other established exception.'"[53] Here, there is clear agreement between the parties to provide for the payment of Plaintiff's attorney's fees.[54]

---

[51] *See id.*
[52] *See id.*
[53] *Zurich Am. Ins. Co. v. Sunshine Trucking, LLC*, Civ. No. 5:20-cv-04481-JMG, 2021 U.S. Dist. LEXIS 42507, at *5 (E.D. Pa. Mar. 8, 2021) (quoting *Canters Deli Las Vegas, LLC v. FreedomPay, Inc.*, 460 F. Supp. 3d 560, 574 (E.D. Pa. 2020)).
[54] Both the Credit Agreement and the Personal Guaranty provide for the recovery of attorney's fees and related costs. *See* Doc. 10 (Badillo Declaration), Ex. 2 (Credit Agreement).

In support of this motion, American Builders has provided invoices from its attorney to request $5,275.91 in attorney's fees and associated costs.[55] These invoices reflect the work performed for this case "and the related action to foreclose the Plaintiff's Mechanics' Lien Claim" pending in state court.[56]

Before evaluating the reasonableness of Plaintiff's attorney's fees, the Court must address whether American Builders is entitled to recover this full sum. "The party claiming entitlement to an award of [attorney's] fees bears the burden of proving such entitlement."[57] Here, Plaintiff has "not proffered any relevant legal authority" to support the proposition that "a prevailing party in a federal lawsuit can be reimbursed for attorneys' fees in a separate but related state court lawsuit."[58] Given this conclusion, the Court must first delineate the attorneys' fees and associated costs that can be attributed to the prosecution of this case.

Three categories emerge from these invoices: fees for this case, fees for the mechanics' lien case, and fees where it is unclear which case they are attributed to. Based on these categories, the Court finds that American Builders has identified $3,594.00 in attorney's fees and $510.31 in related costs that are specific to the

---

[55] *See* Doc. 10 (Badillo Declaration), Ex. 6 (Attorney Invoices).
[56] Doc. 11 (Bernstein Declaration) ¶ 9.
[57] *Harris v. Vitran Express, Inc.*, No. 2:14-CV-00704-CRE, 2017 U.S. Dist. LEXIS 136628, at *8-9 (W.D. Pa. Aug. 25, 2017) (citing *Jones v. Muir*, 515 A.2d 855 (Pa. 1986)).
[58] *Id.* at *9.

prosecution of this case.[59] This leads to a total of $4,104.31 in recoverable attorney's fees and related costs, depending upon the reasonableness of this figure.

"In assessing a request for attorneys' fees, 'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"[60] "An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current 'rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"[61]

To support its request for attorney's fees, a declaration from Plaintiff's attorney states that his "hourly rates are well within or below the range of hourly rates customarily charged by other law firms in the Commonwealth of Pennsylvania when representing plaintiffs in commercial collection actions…."[62] The declaration also provides "a detailed accounting of the incurred fees and costs"[63] and largely distinguishes between the expenses attributable to this case and those associated with the mechanics' lien suit. Consequently, I conclude that the

---

[59] *See* Doc. 10 (Badillo Declaration), Ex. 6 (Attorney Invoices).
[60] *Rey Logistics, Inc. v. Zlotshewer*, Civ. A. No. 21-442, 2023 U.S. Dist. LEXIS 177415, at *9 (E.D. Pa. Sept. 28, 2023) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).
[61] *Id.* (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)).
[62] Doc. 11 (Bernstein Declaration) ¶ 12.
[63] *Rey Logistics,* 2023 U.S. Dist. LEXIS 177415, at *10.

rates and hours that are attributable to the present suit are "fair and reasonable"[64] and that American Builders is entitled to recover $4,104.31.[65]

## III. CONCLUSION

The Court finds Plaintiff is entitled to an amount of $90,591.33. This represents $79,075.59 in principal, $3,472.43 in late payment fees incurred through October 31, 2023, $3,939.00 in late payment fees incurred from November 1, 2023 through February 9, 2024, and $4,104.31 in attorney's fees and related costs.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[64] *Id.* at *11.
[65] *See* Doc. 10 (Badillo Declaration), Ex. 6 (Attorney Invoices).