IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC., | No. 4:23-CV-01982 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MASON RAY CONSTRUCTION LLC, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

**DECEMBER 11, 2024**

### I.   BACKGROUND

On November 13, 2024, the Court partially granted Plaintiff American Builders & Contractors Supply Co., Inc.'s ("ABC") Motion to Compel Discovery. But I determined that it was premature to award ABC attorney's fees under Federal Rule of Civil Procedure 37(b) as there was no discovery order in effect at that time. However, I noted that ABC would be entitled to recover its expenses under Rule 37(a) after I provided Defendants Kyle S. Ditty and Mason Ray Construction, LLC with the required opportunity to be heard. The Court set a deadline of November 27, 2024 for the Defendants to file a responsive brief but received no response.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 37

Rule 37(a)(5) states that "[i]f the motion [to compel] is granted … the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But the Court shall not grant these expenses if: (1) "the movant filed the motion before attempting in good faith to obtain the … discovery without court action;" (2) "the opposing party's nondisclosure, response, or objection was substantially justified;" or (3) "other circumstances make an award of expenses unjust."

I provided the Defendants with the required opportunity to be heard, but the Court received no response. In the face of this continued silence, I am forced to conclude that the Defendants' failure to comply with the Plaintiff's discovery requests is not "substantially justified" and that there are no "other circumstances [that] make an award of expenses unjust." Consequently, I will award ABC the expenses it incurred "in making" this Motion to Compel.

### B.      An Award of Attorney's Fees and Other Expenses

The Supreme Court of the United States has directed that I use the lodestar method when determining a reasonable attorney's fee.[1] "Under the lodestar method, an[] attorney's reasonable hourly rate is multiplied by the number of hours the attorney reasonably spent working on a matter."[2] "Once the court determines the reasonable hourly rate, it multiplies that rate by the reasonable hours expended to obtain the lodestar."[3] "The lodestar is presumed to be the reasonable fee."[4] When evaluating the reasonableness of an attorney's hourly rate, I look to the vicinage in which the Court sits as the relevant community.[5] "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary."[6]

### 1.      A Reasonable Hourly Rate

ABC has requested $1,821.21 in expenses, representing $1,770.00 in attorney's fees[7] and $51.21 in expenses.[8] ABC's attorney, Scott Bernstein, notes that his hourly rate is $300, and his paralegal's hourly rate is $90. Although ABC fails

---

[1] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010).
[2] *D.O. ex rel. M.O. v. Jackson Twp. Bd. of Educ.*, No. CV 17-1581 (TJB), 2019 U.S. Dist. LEXIS 72875, 2019 WL 1923388, at *2 (D.N.J. Apr. 30, 2019).
[3] *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).
[4] *Id.*
[5] *Interfaith Community Organization v. Honeywell Intern, Inc.*, 426 F.3d 694, 699 (3d Cir. 2005).
[6] *Rode*, 892 F.2d at 1183.
[7] ABC's declaration contains a typographical error. The documentation submitted in Exhibit 2 indicates that $1,770.00 in attorney's fees were incurred, not $1,771.00. Doc. 19 (Bernstein Decl.), Ex. 2 (Expense Report).
[8] Doc. 19 (Bernstein Decl.) ¶6.

to attach any additional affidavits from other attorneys in this vicinage, I conclude that $300 per hour is a reasonable rate for the work performed.[9] Mr. Bernstein has over twenty years of experience; he also clerked for a United States Bankruptcy Judge in the United States District Court for the Southern District of New York.[10] Mr. Bernstein has also specialized in this exact kind of suit.[11] While no information is provided regarding Mr. Bernstein's paralegal, other cases in this District have established a range of $75 to $170 per hour for paralegals depending on their experience and the complexity of the work performed.[12] Given this motion was not complex, I conclude that $90 an hour is a reasonable rate.

## 2. Reasonable Hours and Expenses

Next, I turn to the reasonableness of the hours requested. ABC has met its burden by producing timesheets with sufficiently detailed descriptions of the hours spent. After reviewing the time entries, I conclude that the time spent was reasonable. I also examined the requested expenses documented in the timesheets.

---

[9] Attorneys in this District were regularly awarded rates from $100 to $375 from 2019 to 2024 depending on their skill and experience and the complexity of the case. *E.g.*, *A.B. v. Pleasant Valley Sch. Dist.*, No. 3:17-CV-02311, 2019 U.S. Dist. LEXIS 108469 (M.D. Pa. June 28, 2019); *Katona v. Asure*, No. 1:11-CV-1817, 2019 U.S. Dist. LEXIS 24062 (M.D. Pa. Feb. 14, 2019); *Finnegan v. Smith*, No. 3:16-CV-1416, 2019 U.S. Dist. LEXIS 35114 (M.D. Pa. Mar. 5, 2019) and *Beard v. Ocwen Loan Servs., LLC*, No. 1:14-CV-01162, 2024 U.S. Dist. LEXIS 4753 (M.D. Pa. Jan. 9, 2024).

[10] *Id.* ¶ 7.

[11] *Id.*

[12] *E.g.*, *A.B. v. Pleasant Valley Sch. Dist.*, No. 3:17-CV-02311, 2019 U.S. Dist. LEXIS 108469 (M.D. Pa. June 28, 2019).

Those are similarly reasonable. As such, I will award ABC the entirety of its requested attorney's fees and expenses.

### III. CONCLUSION

ABC has met its burden regarding the reasonableness of its requested hourly rates, hours, and expenses. In accordance with the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff American Builders & Contractors Supply Co., Inc. is awarded the expenses and attorney's fees it incurred when making its Motion to Compel Discovery (Doc. 15).

2. Defendants Kyle S. Ditty and Mason Ray Construction, LLC shall pay to Plaintiff a sum of $1,821.21. This amount represents $1,770.00 in attorney's fees and $51.21 in expenses.

3. Defendants shall pay the awarded expenses and attorney's fees within twenty-one (21) days of the date of this Memorandum Opinion and Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge